UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALEX CASTRO, D1
JASON KECHEGO, D2
ADAM WRIGHT, D3,

      Defendants.             /

Case No. 19-cr-20498
District Judge Paul D. Borman

**OPINION AND ORDERS ON SEPTEMBER 29, 2021 HEARING ON
DEFENDANTS' MOTIONS:**

**(1)   GRANTING DEFENDANTS' MOTION FOR
ATTORNEY-CONDUCTED *VOIR DIRE***

**(2)   GRANTING DEFENDANTS' MOTION FOR
ACCESS TO JUROR QUESTIONNAIRES**

**(3)   GRANTING DEFENDANTS' MOTION FOR
SUPPLEMENTAL JUROR QUESTIONNAIRE**

**– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –**

**(4)   DISCUSSION OF DEFENDANTS' MOTIONS
FOR:**

**(a)   *JENCKS* MATERIALS, 18 U.S.C. § 3500:
STATEMENTS AND REPORT OF
WITNESSES**

**(b)   IDENTITIES OF INFORMANTS, AND
THEIR FBI 302s**

**(c)   LISTS OF TRIAL WITNESSES AND
EXHIBITS**

1

## BACKGROUND

The three Defendants, all imprisoned at the Federal Correctional Institution in Milan, Michigan, are charged with the murder of a fellow federal prisoner at Milan. This case raises justifiable special prosecution concerns about requiring early identification of fellow prisoner witnesses.

## RULINGS

(1)     With regard to the first request involving voir dire, Defendants' access to juror questionnaires, and the creation/use of the supplemental juror questionnaire, the Court concludes:

    a.     The Court will conduct the initial *voir dire*, and then permit the parties to ask follow-up questions based on the prospective jurors' answers to the Court's questioning, and on their juror questionnaire responses.

    b.     The Court grants the Defendants' request, joined in by the Government, to create and submit for the Court's approval, a supplemental jury questionnaire.

        The Court notes that the Court's Jury Department requires requests for special

2

questionnaires to be made at least 10 weeks in advance of the date jurors are to report to complete the questionnaire(s). This 10-week deadline is well in advance of the trial date. Further, the Jury Department has stated:

> When a date for questionnaires is selected a few factors need to be taken into consideration 1) due to social distancing, the jurors may have to come in for more than one day to complete questionnaires 2) the jury department will need time to scan and disseminate the questionnaires, and 3) the amount of time the judge wants to give the attorneys to review the questionnaires.

> The Jury Department will ultimately provide the attorneys up to three weeks before the trial date to review the filled-out questionnaires.

c.   After the parties review the questionnaires, counsel for the Defendants and the Government will meet to ascertain if there is a consensus as to which, if any, prospective jurors they believe should be excused for cause, and then submit those jointly

agreed-upon names to the Court for its

consideration, and determination regarding

approval.

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

Discussion Regarding Defendants' Early Discovery Requests:

Defendants request early Government production of *Jencks* material--

statements and reports of witnesses--18 U.S.C. § 3500.

Defense Counsel Michael Rataj stated at the hearing:

> The motion for early production of *Jencks* materials also
> really in terms of substance includes really the motion to
> reveal the identity of informants and contents of pleas
> and also dovetails into the motion for witness and exhibit
> lists...on all three motions…it's really just a matter of
> preparation and our ability to have the materials that we
> need to adequately prepare for trial…we're looking for
> the government to produce these things 30 days out…and
> the government's position is that they want to give us this
> stuff 72 hours prior to trial.

(September 29, 2021 Hearing Transcript, ECF No. 152, at PageID.1634-35.)

Counsel Rataj also noted that many of the FBI 302s have redacted the name of the

individual interviewed: the Defense Counsel are unaware of the person being

interviewed and identifying them only 72 hours prior to trial does not provide

counsel with sufficient time to ascertain their backgrounds, histories, and their

locations to potentially interview them.

4

Counsel Rataj requested the Court to order Government disclosure of those individuals significantly earlier than 72 hours before trial, and proposed "attorney eyes only distribution," to address the Government's concerns over potential/likely danger to those individuals.

The Government response indicated that this early discovery request involves only

> one grand jury transcript of an inmate witness and one 302 summary that is not *Jencks* of another inmate, a potential inmate witness. That's it. The rest of the 302s that we have produced do have identities redacted because--out of concern for the safety of these inmates who are willing to be interviewed by law enforcement. Even the mere fact of or the appearance of them cooperating with a law enforcement investigation has serious repercussions for their safety within the walls of the BOP. And it is not out of the realm of I guess common sense that, yes, messages can be transmitted from one institution to another and, in fact, has been in our experience in this case where an inmate has been moved and felt threatened at a different institution based on suspicions that he may be cooperating.

> I think the defense counsel in their response recognizes that they are not entitled to a list of government's witnesses prior to trial. The standing order in this district, in this court also makes this clear…

> Despite that, the government has agreed to produce its witness list 14 days before trial for non-inmate witnesses…the government produced probably…at least 20 months ago the *Jencks* material for those witnesses, as well as 302 interview summary of these witnesses.

(*Id*. at PageID.1639-1641.)

5

The Government added that they will produce two inmate witnesses, plus a variety of staff members at Milan, an FBI agent or two, and medical experts. Further, the names of non-inmate witness 302s, are not redacted, and the Defendants have had full discovery of those for a long time now. (*Id*. at PageID.1642-43.)

The Government adds that the focus of the Defendants' requests are two inmate witnesses, and although not named, the defense has the substance of their statement. AUSA Frances Carlson stated:

> [W]e provided very broad and early discovery and that included interviews -- every interview that the FBI conducted during this investigation regardless of whether that it technically constituted discoverable material. This included inmates who simply said they don't wish to be interviewed or inmates who said they didn't see anything.

(*Id*. at PageID.1642-43.)

Government Counsel Frances Carlson clarified, that in addition to the afore-discussed two inmate witnesses, trial witnesses will also include inmate victims of the Defendants' assaults, and that defense counsel had received all of those victim inmate 302s unredacted as to their identity. (*Id*. at PageID.1659-60.)

AUSA Carlson added that Defendants have received full surveillance videos from the date of the incident, and the identity of the inmates who will testify will be available three days before trial. (*Id*. at PageID.1645-46.)

6

Finally, the Government said that if the Court were to order discovery of the two inmate witnesses, seven days in advance it should be "attorney eyes only." (*Id*. at PageID.1648.)

Mr. Rataj responded that they are not in possession of any unredacted 302s from any inmate witnesses, and that just because an inmate chose to not speak to the FBI, does not impel the conclusion that they would not wish to speak to defense counsel--and we don't know who these persons are, and what exhibits will be admitted. (*Id*. at PageID.1649.)

The Government indicated that it has identified to Defendants a list of "roughly 100 potential witnesses…people living in the east unit of FCI-Milan at the time of this offense." (*Id*. at PageId.1651-52.)

The Government also stated that defense counsel can view the Government's potential trial exhibits 30 days before trial, and that, indeed, the Government will not determine the final exhibit list until closer before trial. (*Id*. at PageID.1653.)

Defense Counsel James Thomas stated that because the time-period prior to trial will be taken with counsel going over well over 150 jury questionnaires--the regular and the supplemental--the defense request for earlier "attorney eyes only" unredacted 302s, was critical to their preparation for trial. (*Id*. at PageID.1657-59.)

Defense Counsel Henry Scharg noted that since most prisoners have nicknames, and Defense Counsel cannot tie the nickname or street name to a 302 interviewee, even the 302 has birth names, the Government should also provide the defense with their nicknames or "street names." Mr. Scharg added that while there is a video of the murder, because the significant issue of premeditation will be before the jury, relevant discovery, that is not on the provided-videos--evidence of prior conversations and planning, is critical to defendants' preparation for trial, i.e., connecting statements in 302s to names, locations, and prisoner groupings in the videos.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

The critical issue before the Court at this time is the early provision of unredacted 302s, with birth names and street names, to defense counsel "attorney eyes only."  The Government indicated that it will give immediate consideration to Defendants' request for early "attorney eyes only" provision of unredacted 302s at issue.

The Court requests that the Government provide the Court its Response to Defendants' request to early provision of unredacted FBI 302s, "attorney eyes only."

The Court will continue to monitor these discovery issues, including, *inter alia,* consideration of extending the three-days before trial turnover of *Jencks* materials to at least seven days before trial, and will be available for further hearings on these issues.

  SO ORDERED.

DATED:  October 15, 2021    s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE