UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 ALEX ALBERT CASTRO and
D-2 JASON DALE KECHEGO,

    Defendants.
_____/

Case No.   19-cr-20498
Honorable Paul D. Borman

## ORDER RE: TRIAL REQUIREMENTS

1. **EXHIBITS**

    (A) <u>Marking of Exhibits</u>

    Counsel are required to mark all proposed exhibits in advance of trial. Use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers. A consecutive numbering system should be used by each party. Numbers used by one party shall not be used by other parties. Suggestion: government, 1-500; defendant(s) begin at 500.

    (B) <u>Exhibits</u>

    No later than Monday, June 6, 2022, two (2) weeks before the trial (June 21, 2022), each party shall make available for inspection by the opposition party all

1

exhibits which that party will seek to introduce at trial. Thereafter, the Court orders counsel shall meet in person to discuss stipulations that may eliminate objections.

A joint list of proposed trial exhibits shall be submitted directly to Judge Borman's chambers by Thursday, June 16, 2022.

(C)  Foundation for Exhibits

When a party has inspected an opposing party's proposed exhibit, the authentication of that exhibit will be deemed established unless the objecting party files a notice with the Court on or before Monday, June 13, 2022, (1) contesting the foundation for the exhibit, and (2) spelling out the basis for its objection: identifying the proposed exhibit, how it violates specific language in the Federal Rule of Evidence, and, if applicable, citing to relevant language in a Sixth Circuit ruling. Don't just string cite to a Federal Rule of Evidence (FRE) or a case.

(D)  Custody and Record of Admitted Exhibits

Counsel are required to maintain a record of all their exhibits admitted during trial.

(E)  Trial Exhibits

In advance of trial, each party must prepare exhibit books for the court and the court reporter. Three exhibit books from each party shall be provided to the

court by Monday, June 20, 2022. The party calling a witness should provide a specific relevant exhibit book for that witness to use during testimony.

    (F)    <u>Preparing Exhibits for Jury Deliberation</u>

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.

    (G)    <u>Filing Exhibits</u>

It is the responsibility of the parties to ensure that the record is complete. All trial exhibits, briefs, and proposed jury instructions are to be filed in the record within five business days of the verdict.

    (H)    <u>Full Disclosure</u>

Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

    (I)    <u>Penalty</u>

A party who does not abide by the provisions of this Order may be subject to sanctions, including preclusion of the introduction of exhibits at trial.

2.    <u>WITNESS LISTS</u>

By Monday, June 13, 2022 each party shall submit directly to Judge Borman's chambers a list of witnesses by name, and agency if appropriate, whom it

anticipates it will call to testify, noting the approximate amount of time for direct examination. The lists should be emailed to the Case Manager and must be served on opposing counsel; proof of service must be attached. This list and proof of service are NOT to be electronically filed.

3. <u>JURY INSTRUCTIONS</u>

The parties must meet and confer prior to trial to discuss jury instructions. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form. By the first day of trial, the parties shall submit directly to Judge Borman's chambers a single set of proposed, stipulated jury instructions via email to the Case Manager as listed previously. Each instruction shall contain a reference to authority (*e.g.*, "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page. As to a proposed objected to instruction, submit in the same form.

4. <u>VOIR DIRE</u>

The Court will conduct the initial voir dire. Counsel may be permitted to ask follow-up questions to prospective jurors.

Peremptory challenges; Fed. R. Crim. P. 24 provides that with seating 16 jurors (four alternates), the Government is entitled to 8 peremptory challenges, and the Defendants are entitled to 12 peremptory challenges.

5. <u>JUROR NOTE TAKING</u>

Jurors will be not be permitted to take notes.

6. <u>CELL PHONES</u>

Parties will not be permitted to turn on cell phones in court during the trial.

7. <u>CONTINUANCES</u>

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses. Please notify this Court if Court intervention is necessary to secure witness attendance. Otherwise, witnesses will be expected to be available when called.

SO ORDERED.

Dated: 4/1/2022

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE