**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  ) | |
| **Plaintiff,**  ) | |
| ) | |
| **v.**  ) | **Criminal No. 19-20498** |
| ) | **Hon. Paul D. Borman** |
| **ALEX CASTRO AND**  ) | |
| **JASON KECHEGO**  ) | |
| **Defendants.**  ) | |

_____

**DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF IRRELEVANT
CHARACTER TRAITS OF DECEASED VICTIM CHRISTIAN MAIRE**

The government has filed a motion in limine that seeks to exclude evidence of the Christian Maire's background and prior bad acts, and preclude argument by the defense regarding the same.  In short, the government wants to try this case in a vacuum.  Maire's child exploitation enterprise is inextricably intertwined with the charged conduct.  The evidence is relevant as to motive and state of mind. It also provides context to the crimes alleged. The government even used the phrase "chomos" in its First Superceding Indictment. R. 123, Page ID 1498.

The government argues that this evidence and argument is irrelevant and inadmissible, even though the background and prior bad acts of Maire were known to the defendants prior to the fatal stabbing of Maire as a result

of his braggadocios comments and newspaper article that circulated around the East Wing of FDC Milan.  The newspaper article included a photograph of Maire.  The government's attempts to minimize the probative value of this inextricably intertwined evidence as not relevant, having nominal probative value and being offered to encourage jury nullification is disingenuous and erroneous.

The government contends that the background and criminal history of Maire as a sexual predator of young girls and who ran an international child exploitation enterprise should be off limits during the trial.  The government would have the Court believe that this information is irrelevant and inadmissible, and that the Defendants' intent on using Maire's bad character, bad acts and sexual exploitation of children to inflame the jury and to justify the death of Maire.  The government is simply wrong.  This evidence is relevant.

On January 2, 2019, Defendant Jason Kechego was serving a 120 month federal prison sentence for a felon in possession of a firearm.  Defendant Alex Castro was serving a 504 month prison sentence for a drug conspiracy conviction to be followed by a 24-month sentence on a Supervised Release violation. Both Defendants were in the process of being transferred to their designated BOP facility.  Both Kechego and Castro were

being housed in the East Wing of FDC Milan for more than a month preceding the fatal stabbing of Maire in the evening hours of January 2, 2019.

FDC Milan is made up of 2 units, holding 130 inmates in each unit. Each unit has two tiers. Inmates in the FDC were of all classification levels that included sex offenders, child molesters, child predators and other inmates referred to as "chomos". These inmates were subject to intimidation, harassment, and assaults because of their predatory crimes and would attempt to conceal their backgrounds until they were transferred to BOP sex offender institutions.

On December 5, 2018, the Detroit Free Press published an article entitled "Online Child Predator Sobs in Court: Gets 40 Years in Porn Ring." The article included a mug shot of Maire. The article reported that "the accused ringleader is Christian Maire…..running an online porn operation that sexually exploited more than 100 girls nationwide". This Free Press Article circulated among the 130 inmates of the East Wing for the several weeks leading up to the assault of Maire. The Defendants' knowledge of Maire's background and prior bad acts that led up to the assault relate directly to the Defendants' motives for the assault, Defendants' state of mind, and the crime itself.

The evidence that the Defendants' seek to introduce in this case regarding Maire's background, criminal conduct and criminal history is relevant to the Defendants' motive and state of mind at the time of the crimes charged and is so closely related to the fatal assault on Maire that the story of the assaults, from the Defendants' perspective, would not be complete without the testimony.  This testimony can corroborate other evidence that the Defendants may present of their intent and motives, and will assist the jury in understanding prison culture and the sequence of events that could lead an inmate to assault another inmate in the unit. These facts are inextricably intertwined with the Defendants' offense conduct and form part of the res gestae of the crimes for which they are charged.

The government contends that the defense should be excluded from introducing any evidence that relates to Maire's background and criminal history because it deems this to be inadmissible and irrelevant character evidence of the victim.  The defense further submits that the sexual exploitation of children and other child predator conduct of  Maire is fair game during trial.  The defense further submits that the conduct of Maire prior to his death is relevant and admissible because it is "inextricably intertwined" with criminal conduct that the Defendants are accused of committing.

In *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998), the 11th Circuit addressed the notion of "inextricably intertwined" evidence, noting as follows:

> "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context...of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime or is necessary to complete the story of the crime for the jury."[1]

In addition to this well accepted principle encouraging the admission of probative evidence, Maire's conduct and background are part of the res gestae of the offense conduct and therefore, admissible. See *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980). In *Masters*, the 4th Circuit upheld the admission of evidence of other sales of firearms and discussions pertaining to the charged offense of dealing in firearms without a license because "it served to complete the story of the crime on trial by proving its immediate context of happening near in time and place." Id. at 87. As the court in *Masters* noted:

> "One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence "furnishes part of the context of the crime", or is necessary to a "full presentation" of

---

[1] Ordinarily other crime evidence under the rubric of "inextricably intertwined" involves the following: "an uncharged offense which arose out of the same transaction or series of transactions as a charged offense, that is necessary to complete the story of the crime or is inextricably intertwined with the evidence regarding the offense charged. Id. at 1403.

the case, or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and  its "environment" that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae'."  Id. at 86.

See also *United States v. Roberts*, 548 F.2d 665, 667 (6th Cir. 1977) which

was cited in *Masters* and in which the Six Circuit observed:

"The jury is entitled to know the 'setting' of a case.  It cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the charge."

In *United States v. Churn*, 800 F.3d 768 (6th Cir. 2015), the Sixth

Circuit held that:

"'This court ha[s] recognized the admissibility of res gestae, or background  evidence, in  limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense.' *United States v. Clay*, 667 F.3d 689, 697 (6th Cir.2012). 'Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Hardy*, 228 F.3d at 748.  "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense,  arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense.' *United States v. Grooms*, 566 Fed.Appx. 485, 491 (6th Cir. 2014) (internal quotation mark omitted).

Res gestae is sometimes also known as 'intrinsic evidence.' 'Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged.' *United States v. Stafford*, 198 F.3d 248, at *4 (6th Cir. 1999). We have 'acknowledge[d] that the distinctions among res gestae, inextricably intertwined evidence, intrinsic

6

evidence, and background evidence [are] far from clear.' *Adams*, 722 F.3d at 822 n. 26. But we often treat the various concepts similarly. See Id.

Res gestae evidence does not implicate Federal Rule of Evidence 404(b), which generally bars evidence of past acts to prove character, but with some exceptions. *Hardy*, 228 F.3d at 748. Notably, this court 'allow[s] the trial court to admit evidence regarding a defendant's unindicted criminal activity when that activity is 'intrinsic' or 'inextricably intertwined' with charges named in the indictment.' *United States v. Potts*, 173 F.3d 430, at *9 (6th Cir. 1999) (emphasis added). Even if evidence is res gestae, we 'must also find that the district court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice pursuant to Federal Rule of Evidence 403." *United States v. Joseph*, 270 Fed.Appx. 399, 406 (6th Cir.2008) (per curiam).

*Churn, supra, at 779.* See also *United States v. Sumlin*, 956 F.3rd 879 (6th Cir. 2020); and *United States v. Brown*, 888 F.3d 829 (6th Cir. 2018)

As stated in *United States v. McLean*, 138 F. 3d 1398, 1403 (11th Cir. 1998), "the district court has broad discretion to determine the admissibility of evidence, and [a reviewing court] …will not disturb the court's judgment absent a clear abuse of discretion." Id. at 1403.

Murder is defined in 18 U.S.C.§1111(a) as the "unlawful killing of a human being with malice aforethought." Malice aforethought is a question of fact the jury must decide based upon the evidence presented during the trial. All evidence relating to the offense is admissible, both before, during and after the commission of the crime. In *United States v. Jaimes-*

*Santibanez*, 349 Fed.Appx. 462, 464, 2009 WL 3336130, *2 (11th Cir. 2009), the Court stated that "[I]n determining the presence of malice, the factfinder should consider all the facts and circumstances preceding, surrounding, and following the killing as shown by the evidence in the case."

Defendants' argument is simple and straightforward. The Defendants' state of mind and motives are relevant and admissible, and need to be considered by the jury in order to reach a fair and just verdict. Defendants' knowledge of Maire's exploitation of hundreds of young girls and how the prison culture views "chomos", is reflective of that state of mind. These facts are intertwined with the conduct which led to the death of Maire and are essential to the fact finder's deliberations.

The same is true as to the Defendants' motives. In *United States v. Benton*, 637 F.2d 1052, (5th Cir. 1981) the Court defined motive "as the reason that nudges the will and prods the mind to indulge the criminal intent." The Court further observed that "while motive is not an element of any offense charged against appellant, it may be evidence of identity or of deliberateness, malice or specific intent which are elements of the crime."

Based on the foregoing authority, the evidence the government seeks to exclude is inextricably intertwined to the offense conduct. This evidence

is relevant and extremely probative to the Defendants' motives and state of mind. The evidence also provides context so the jury will have a full and accurate picture of the events leading to the fatal assault of Maire. To eliminate this evidence would violate the Defendants' due process right to a fair trial.

Respectfully submitted:

 /s/ Henry M. Scharg
Attorney for Jason Kechego
30445 Northwestern Hwy
Farmington Hills, MI 48226
248.596.1111
E-mail: hmsattyatlaw@aol.com

 /s/ Michael A. Rataj
Attorney for Alex Castro
500 Griswold St., Suite 2450
Detroit, MI 48226
313.963.4529
E-mail: ratajmi@aol.com

Dated:  May 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

*/s/ Michael A. Rataj*
Michael A. Rataj