UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.  19-cr-20498
    Honorable Paul D. Borman

D-1 ALEX ALBERT CASTRO and
D-2 JASON DALE KECHEGO,

    Defendants.
_____/

### ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO LIMIT SCOPE OF IMPEACHMENT OF THE GOVERNMENT'S WITNESSES BY EVIDENCE OF CRIMINAL CONVICTION(S) UNDER FEDERAL RULE OF EVIDENCE 609 (ECF NO. 183)

### ARGUMENTS

The Government, recognizing that some of its potential witnesses have prior criminal convictions, "seeks a pretrial order that (1) prohibits the defendants from impeaching [its] witnesses by evidence of a criminal conviction beyond what is permitted by Federal Rule of Evidence 609 [(Impeachment by Evidence of a Criminal Conviction)], and (2) limits the defendants' inquiries to the fact of conviction, name of the offense of conviction, and the date of the conviction." (ECF No. 183, at PageID.1853.)

Specifically, the Government argues that inmate victim witnesses Joseph Raphael and Craig Evans have convictions "that do not qualify for admission under Rule 609 and therefore should be excluded," and that inmate victim witness Michal

1

Figura, Raphael, and Evans "have convictions that are admissible for impeachment purposes, but that evidence should be limited to the fact, name, and date of the conviction." (*Id.* at PageID.1856.) More specifically, the Government breaks down its requests regarding these inmate witnesses' convictions as follows:

1. Victim/Witness Michal Figura . . . was convicted on June 27, 2018 of a child exploitation enterprise. The Government . . . seeks a pretrial order limiting the defendants' inquiries to the fact, name, and date of his conviction.

2. Victim/Witness Joseph Raphael . . . has previously been convicted of the following offenses:

   (a) 8/22/2003: Minor in possession (misdemeanor)

   (b) 12/13/2005: Operating while intoxicated (misdemeanor)

   (c) 12/5/2007: Assault & battery (misdemeanor)

   (d) 2/19/2009: Drove suspended (infraction)

   (e) 5/6/2009: Domestic violence (misdemeanor; 93 days)

   (f) 8/4/2009: Domestic violence–2nd offense (misdemeanor)

   (g) 1/31/2012: Operating–license suspended (misdemeanor)

   (h) 12/3/2015[:] Operating–license suspended (misdemeanor)

   (i) 5/14/2018[:] Theft by an employee of tribal casino (felony)

   (j) 7/12/2018[:] Robbery (felony)

   Convictions (a) through (h) are misdemeanor offenses that do not require proof or admission of an act of dishonesty or a false statement. These convictions do not qualify for admission under Rule 609 and should be excluded. Further, even if they otherwise

qualified and the defendants gave proper notice, convictions (a) through (g) occurred more than 10 years ago and their probative value is minimal.

The Government does not challenge the admissibility of the fact, name, and date of convictions (i) and (j).

3. Victim/Witness Craig Evans . . . has previously been convicted of the following offenses:

(a) 1/25/1991: Operating while intoxicated (misdemeanor)

(b) 7/10/1995: Operating while intoxicated–2nd (misdemeanor)

(c) 1/27/2005: Domestic violence (misdemeanor)

(d) 9/12/2019: Receipt of child pornography (felony)

Convictions (a) through (c) are misdemeanor offenses that do not require proof or admission of an act of dishonesty or a false statement. These convictions do not qualify for admission under Rule 609 and should be excluded. Further, even if they otherwise qualified and the defendants gave proper notice, convictions (a) through (c) occurred more than 10 years ago and their probative value is minimal.

The Government does not challenge the admissibility of the fact, name, and date of conviction (d).

(*Id.* at PageID.1856–58.)

In their Joint Response (ECF No. 190), Defendants contend that "Figura's and [] Evans' status as 'chomos' [(child molester)] is relevant to the Defendants' motives and state of mind. It also provides context to the crimes alleged." (*Id.* at PageID.1912.) Defendants further contend that the Government's Motion is premature as to Raphael because "the defense does not know if Joseph Raphael

3

received any benefits from the government for his testimony at trial," and if he did, "inquiry into [his] background and prior bad acts would be fair game." (*Id.* at PageIDs.1912-13.)

In its Reply (ECF No. 195), the Government asserts that "Defendants either misunderstood or simply failed to respond to [its] motion as it relates to impeachment under Rule 609." (*Id.* at PageID.1931.) It then argues that, "since defendants have raised the issue, for the same reasons stated in the Government's motion in limine to exclude evidence or irrelevant character traits of deceased victim Christian Maire . . . , the Court also should exclude evidence of the factual details of the prior criminal acts of victims/witnesses Figura and Evans." (*Id.* at PageID.1931 (citing ECF No. 182, at PageID.1837 and ECF No. 194, at PageID.1921).) It also argues that "[i]f Raphael had received any benefits in exchange for his testimony—which he hasn't—the government is not seeking to limit [Defendants'] ability to impeach Raphael on this basis" and thus Defendants' point on this issue "is irrelevant to the scope of permitted impeachment by evidence of a criminal conviction under Rule 609." (*Id.* at PageID.1932.)

Additionally, the Government emphasizes that "Circuit courts have routinely limited impeachment of a witness by criminal conviction to whether the witness has previously been convicted of a felony, the name of the felony, and the date of conviction." (*Id*. at PageID.1932–33 (citing *Doe v. Sullivan County, Tenn.*, 956 F.2d

4

545, 551 (6th Cir. 1992)).) And finally, the Government reiterates its request for the limitations described in its opening brief.

## DISCUSSION

The Court, pursuant to Local Court Rule 7.1(f)(2) and Local Criminal Rule 12.1(a), concludes that this motion shall be determined without a hearing.

Federal Rule of Evidence 609 provides, in relevant part:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

>**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Additionally, "impeachment under Rule 609 is generally limited to the fact of conviction and should not include the details and circumstances surrounding the conviction." *United States v. Villanueva*, 249 F. App'x 413, 418 (6th Cir. 2007) (citing *United States v. Turner,* 995 F.2d 1357, 1363–64 (6th Cir.1993)); *see also Sullivan Cnty., Tenn.*, 956 F.2d at 551 ("We are inclined to believe that *Green* would require admission to the extent urged by the plaintiff in this case, namely, the nature of the crime, the number of counts, and the date of disposition.").

Defendants have not contested these principles, nor the Government's application of them. Accordingly, the Court will limit the scope of impeachment evidence that may be introduced against the Government's witnesses through Federal Rule of Evidence 609 as follows:[1]

---

[1] The Sixth Circuit has stated that:

> In reviewing evidentiary rulings under Rule 609(a), broad discretion should be given to the trial court and its decisions should not be overturned absent an abuse of discretion. Other courts that have addressed this issue have concluded that examination of the circumstances of prior felony convictions should be limited.

*United States v. Turner*, 995 F.2d 1357, 1363 (6th Cir. 1993).

1. **Michael Figura**

The only evidence of Figura's July 27, 2018 child exploitation enterprise conviction that Defendants may introduce through Rule 609 is evidence of the fact, date, and name of the statute of that conviction. *See Villanueva*, 249 F. App'x at 418; *Sullivan Cnty., Tenn.*, 956 F.2d at 551.

2. **Joseph Raphael**

Defendants may not introduce through Rule 609 any evidence of Raphael's convictions from 2003 to 2015, (ECF No. 183, at PageID.1856–57 (a–h)), because these convictions are for misdemeanor offenses that do not involve a dishonest act or false statement. *See* Fed. R. Evid. 609(a).

The only evidence of Raphael's May 14, 2018 and July 12, 2018 convictions for theft and robbery (respectively), (ECF No. 183, at PageID.1857 (i–j)), that Defendants may introduce through Rule 609 is evidence of the facts, dates, and names of the statutes of those convictions.[2]

3. **Craig Evans**

Defendants may not introduce through Rule 609 any evidence of Evans' convictions from 1991 to 2005, (ECF No. 183, at PageID.1857 (a–c)), because these

---

[2] As the Government explains, the Defendants' argument about Raphael's possible cooperation "is irrelevant to the scope of permitted impeachment by evidence of a criminal conviction under Rule 609" (ECF No. 195, at PageID.1932) and thus need not be addressed in this Order.

convictions are for misdemeanor offenses that do not involve a dishonest act or false statement.

The only evidence of Evans' September 12, 2019 receipt of child pornography conviction, (ECF No. 183, at PageID.1858 (d)), that Defendants may introduce through Rule 609 is evidence of the fact, date, and name of the statute of that conviction.

## CONCLUSION

As discussed above, and in the Court's discretion, the Government's Motion in Limine to Limit Scope of Impeachment of the Government's Witnesses by Evidence of a Criminal Conviction Under Rule 609 (ECF No. 183) is **GRANTED.**

**SO ORDERED.**

Dated:  June 9, 2022                             s/Paul D. Borman
                                                 PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE