UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-cr-20498
    Honorable Paul D. Borman

D-1 ALEX ALBERT CASTRO and
D-2 JASON DALE KECHEGO,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF IRRELEVANT CHARACTER TRAITS OF DECEASED VICTIM CHRISTIAN MAIRE (ECF NO. 182)

### ARGUMENTS

The Government filed a Motion seeking a pretrial order prohibiting Defendants from introducing evidence of homicide victim Christian Maire's vacated Child Exploitation Enterprise conviction, and the underlying offense conduct. (ECF No. 182.) After Maire's death, the judgment of conviction was vacated, and the indictment was dismissed by the Government. (*United States v. Maire et al.*, No. 2:18-cr-20128 (E.D. Mich. May 17, 2019) (ECF No. 166).)

The Government contends that this evidence "is not relevant under Federal Rule of Evidence 401 [(Test for Relevant Evidence)], nor does it fit within the exception for 'pertinent' character traits of a victim under Federal Rule of Evidence 404(a)(2)(B) [(Character Evidence; Exceptions for a Defendant or Victim in a

1

Criminal Case)]." (ECF No. 182, at PageID.1838.) And "[e]ven if Maire's bad conduct is somehow admissible under Rules 401 and 404," the Government continues, "it nonetheless should be excluded under Rule 403 [(Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons)] since the prejudice from impugning the deceased victim's character—and encouraging jury nullification—substantially outweighs the minimal probative value of this evidence." (*Id.* at PageID.1838.)

The Government further "seeks to preclude the defendants from *indirectly* introducing evidence of Maire's bad character." (*Id.* at PageID.1838.) Specifically, the Government asserts that:

> Michal Figura was Maire's co-defendant in the child exploitation case. Figura is also the victim identified in Count 3 of the indictment [in this case.] Like Maire, Figura pleaded guilty to engaging in a child exploitation enterprise. If Figura testifies as a witness, he may be subject to impeachment by evidence of a criminal conviction under Rule 609. The extent of the impeachment permitted of Figura . . . will be the subject of a separately-filed *Motion in Limine* but at a minimum, evidence of Figura's child exploitation enterprise conviction may be admitted. If so, the Government seeks an order from this Court precluding the defendants from eliciting evidence that Figura was Maire's co-defendant. Allowing evidence that Figura and Maire were co-defendants in the child exploitation enterprise would be a "backdoor" to admitting improper character evidence of Maire.

(*Id.* at PageID.1838–39.)

Finally, the Government requests that, "if defendants are permitted to introduce evidence of Maire's character, it must be limited to presenting opinion or reputation

2

evidence of the victim's pertinent character trait, and not specific instances of conduct including Maire's vacated criminal conviction and underlying offense conduct. Fed. R. Evid. 405(a) [(Methods of Proving Character: By Reputation or Opinion)]." (*Id.* at PageID.1839.)

In their Joint Response (ECF No. 189), Defendants state that "the background and prior bad acts of Maire were known to the Defendants prior to the fatal stabbing" as a result of his bragging and a Detroit Free Press newspaper article "that circulated around the East Wing" of the Milan Federal Detention Center. (*Id.* at PageID.1902–03.) They then argue that "Maire's child exploitation enterprise is inextricably intertwined with the charged conduct," "provides context to the crimes alleged," and is "relevant as to [their] motive[s] and state[s] of mind" at the time of the alleged offense. (*Id.* at PageID.1902.) They also emphasize that "the government even used the phrase 'chomos'[—a slang term for child molester—]in its First Superseding Indictment." (*Id.* (citing ECF No. 123, PageID 1498).)

In its Reply (ECF No. 194), the Government asserts that "Defendants' efforts to introduce evidence that Maire exploited 'hundreds of young girls'" is a plan "to convince the jury to ignore the law and acquit on the basis that Maire deserved to die." (*Id.* at PageID.1921.) Thus, it maintains, this evidence "should be excluded as both irrelevant and unfairly prejudicial" under Federal Rules of Evidence 401 and 403. (*Id.* at PageID.1921–22.)

3

As to Rule 401, the Government contends that "the shocking and salacious details of Maire's prior criminal conduct ha[ve] no bearing on the jury's determination of whether the defendants murdered the victim with malice aforethought, as required in counts 1 and 2 of the first superseding indictment." (*Id.* at PageID.1922 (citing ECF No. 189, PageID.1908–09 and ECF No. 123, PageID.1495-1501).) Additionally, the Government contends that these details are not *"res gestae"* background evidence because Maire's prior conduct is "neither part of a single criminal episode with the murder and assaults with which the Defendants are charged, nor . . . related to the charged offense either temporally or spatially. (*Id.* at PageID.1925.)

Finally, as to Rule 403, the Government reiterates that if Maire's prior bad conduct is relevant, it should still be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. (*Id.* at PageID.1926–27.)

## DISCUSSION

The Court, pursuant to Local Court Rule 7.1(f)(2) and Local Criminal Rule 12.1(a), concludes that this motion can be determined without a hearing.

The Government makes it plain that "the jury will be presented with evidence that the defendants targeted Maire because they believed he was a chomo." (ECF No. 182, at PageID.1841.) It seeks only to exclude evidence of "the specific details

4

of Maire's vacated conviction [for child exploitation enterprise] and the underlying offense conduct." (*Id.* at PageID.1841.)

The Court will permit the introduction into evidence of the title of the charge of which Maire was convicted, 18 U.S.C. § 2252A(g)(1)/Child Exploitation Enterprise, and the date of Maire's conviction, December 5, 2018. *See Maire et al.*, No. 2:18-cr-20128, at (ECF No. 152). However, the Court will exclude any further evidence of Maire's conviction, including evidence of the details of the underlying conduct. Lastly, the Court notes that the introduction of evidence of Figura's conviction is similarly limited by the Order issued on June 9, 2022 (ECF No. 212).

## I. Evidence of the count and date of Maire's Child Exploitation Enterprise conviction is admissible under Federal Rules of Evidence 401 and 402.

Federal Rule of Evidence 402 (General Admissibility of Relevant Evidence) provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the[ other] rules [of Evidence]; other rules prescribed by the Supreme Court." It also provides that "[i]rrelevant evidence is not admissible."

The fact that Maire was convicted of Child Exploitation Enterprise and the date of that conviction are admissible in this case because they are relevant under Federal Rule of Evidence 401 and, despite the Government's arguments to the contrary, they are not unduly prejudicial, confusing, or misleading under Federal Rule of Evidence 403 nor improper character evidence under Federal Rules of Evidence 404 and 405.

5

The fact that Maire's conviction has been vacated does not remove the factual reality that the conviction was the basis for his imprisonment, as background in this case.

*A. Evidence of the count and date of Maire's conviction is relevant under Federal Rule of Evidence 401.*

Federal Rule of Evidence 401 explains that:

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Here, evidence of the limited fact that Maire was convicted of Child Exploitation Enterprise is relevant because it tends to make it more probable that the Defendants would come to view him as a "chomo," as the Government has charged. (ECF No. 196, at PageID.1940–42.)

Additionally, evidence of the count and date of Maire's conviction helps to explain why and how Defendants developed their alleged motive for killing Maire. (ECF No. 182, at PageID.1841.) Therefore, this evidence both "completes the story of" and has a "causal connection with" the charged offense.

*B. Evidence of the count and date of Maire's conviction is not unduly prejudicial, confusing, or misleading under Federal Rule of Evidence 403.*

Federal Rule of Evidence 403 provides, in relevant part, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a

6

danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." But the probative value of evidence of the count and date of Maire's conviction is not substantially outweighed by these dangers.

    1. Evidence of the count and date of Maire's conviction has considerable probative value.

This evidence has probative value for the same reasons that it is relevant.

    2. Evidence of the count and date of Maire's conviction is not likely to create unfair prejudice, confuse the issues, or mislead the jury.

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes on Fed. R. Evid. 403. Evidence of the count and date of Maire's conviction is unlikely to create such prejudice. Whether or not this evidence comes in, the jury will learn that Maire was in prison—which presumably indicates that he had been convicted of *something*—and (at least suspected to be) a "chomo." That being so, this limited additional evidence will not significantly change how the jury views Maire nor encourage jury nullification.

Neither will this evidence confuse the issues or mislead the jury. Because this evidence is confined to the count and date of conviction, it will not suggest that Maire is on trial, nor steal focus from the charges against Defendants. The jury should not have difficulty understanding that this evidence's ultimate purpose is to shed light on the Defendants' alleged motives for killing Maire.

7

The Court also notes that, as detailed below, victim Maire's character or character trait is not admissible under Federal Rule of Evidence 405.

> 3. The probative value of evidence of the count and date of Maire's conviction is not substantially outweighed by the danger that it will create unfair prejudice, confuse the issues, or mislead the jury.

Put simply, allowing the parties to present "the jury . . . with evidence that the defendants targeted Maire because they believed he was a chomo" (ECF No. 182, at PageID.1841) without allowing them to refer to the count and date of the conviction underlying that belief would deprive the jury of relevant information without good reason.

> *C. Evidence only of the count and date of Maire's conviction is not being introduced as character evidence under Federal Rules of Evidence 404 and 405. The Court excludes as inadmissible any other evidence of victim Maire's character or character trait.*

Federal Rule of Evidence 404(a)(1) provides that, with some exceptions, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character trait." Additionally, Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Federal Rule of Evidence 405 then provides that "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Rule 405 also allows

8

that "[o]n cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct" and "[w]hen a person's character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

But these Rules are not applicable here, as to victim Maire, because Defendants cannot introduce evidence of Maire's character trait to prove that he acted in accordance with it.

## II. Evidence of any further details of Maire's Child Exploitation Enterprise conviction and the conduct underlying it is excluded under Federal Rule of Evidence 403, because any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

*A. Evidence of further details of Maire's conviction has no or very limited probative value under Federal Rule of Evidence 403.*

This further evidence is not *res gestae*. There is no allegation that the *details* of Maire's case or conduct—rather than general fact of the conviction and the general conduct implied by that conviction—are what inspired Defendants to kill Maire. Thus, evidence of the count and date of Maire's conviction is sufficient for the jury to understand how and why Defendants allegedly formed their motives.

And more evidence is not necessary for the jury to understand any other appropriate and necessary details of this case either. Again, evidence of just the count and date of Maire's conviction is sufficient for the jury to grasp the alleged role that Maire's prior conduct and conviction played in the charges at issue. Further evidence

on this point would be gratuitous, improper, and prejudicial. *Cf. Old Chief v. United States*, 519 U.S. 172, 191 (1997) ("Proving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach.").

Further, as the Government emphasizes, "the jury will [also] be presented with [other] evidence that the defendants targeted Maire because they believed he was a chomo." (ECF No. 182, at PageID.1841.)

### B. Evidence of any further details of Maire's conviction is clearly likely to create unfair prejudice under Federal Rule of Evidence 403.

The Sixth Circuit has recognized that "[t]he public regards sexually-based offenses as particularly heinous." *United States v. Stout*, 509 F.3d 796, 802 (6th Cir. 2007). Accordingly, as the Government explains, there is a considerable possibility that evidence detailing the conduct for which victim Maire was convicted would "make the[ jury] dislike [him] and acquit [Defendants] for that reason." (ECF No. 182, PageID.1848–49.) Hence, admission of evidence further detailing Maire's conviction would create a strong danger of unfair prejudice. *See also United States v. Sanchez*, 440 F. App'x 436, 439–40 (6th Cir. 2011) (recognizing the "danger of unfair prejudice presented by the unique stigma of child sexual abuse" (internal ellipses omitted)).

10

> *C. The probative value of evidence of further details of Maire's conviction is substantially outweighed by the danger of unfair prejudice arising from its admission.*

The minimal probative value of this evidence is substantially outweighed by the large possibility that it would create unfair prejudice. Therefore, evidence of further details of Maire's conviction must be excluded under Federal Rule of Evidence 403.

## III. Federal Rule of Evidence 105 Supports the Court's Decision to Admit Only the Date of Conviction and the Title of the Statute.

The Court's limiting of evidence of Maire's prior conviction to its date and title is supported by Federal Rule of Evidence 105 (Limiting Evidence that Is Not Admissible . . . for Other Purposes).

Rule 105 states, in pertinent part:

> If the Court admits evidence that is admissible . . . for a purpose — but not . . . for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.

The Advisory Committee 1972 Notes to their proposed Rule 105, subsequently adopted, state, in pertinent part:

> A close relationship exists between this rule and Rule 403 which requires exclusion when "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The present rule recognizes the practice of admitting evidence for a limited purpose and instructing the jury accordingly.

The Court finds Rule 105 further supports the Court's ruling in this case. Justice Stephen Breyer's dissent in the recent decision, *United States v. Tsarnaev*, 142 S.Ct. 1024 (2022), discusses Rule 105:

11

> [A] trial judge normally can control the presentation of evidence to avoid unwarranted detours and to ensure a trial does not extend beyond reasonable limits. See, *e.g.*, Fed. Rule Evid. 105 (court can instruct jury that it may consider evidence for one purpose but not another); *Geders v. United States*, 425 U.S. 80, 86–87 [] (1976) ("Within limits, the judge . . . may refuse to allow . . . irrelevant testimony, and may control the scope of examination of witnesses" (citations omitted)).

*Id.* at 1049.

*Geders* stated:

> Our cases have consistently recognized the important role the trial judge plays in the federal system of criminal justice. "(T)he judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." . . . The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. . . . If truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings.

*Geders v. United States*, 425 U.S. 80, 86–87 (1976).

## IV. Evidence of Figura's Child Exploitation Enterprise conviction is limited by the Order issued on June 9, 2022.

As to the Government's concern over Defendants "indirectly" introducing evidence of Maire's bad character through his association with Figura, the Court notes that, per the Order Granting the Government's Motion in Limine to Limit Scope of Impeachment of the Government's Witnesses by Evidence of a Criminal Conviction(s) Under Federal Rule of Evidence 609 (ECF No. 190) issued on June 9, 2022, "[t]he only evidence of Figura's July 27, 2018 child exploitation enterprise

12

conviction that Defendants may introduce through Rule 609 is evidence of the fact, date, and name of the statute of that conviction." (ECF No. 212, at PageID.2080.)

## CONCLUSION

For the reasons stated above, the Court, in exercise of its discretion, concludes that the Government's Motion in Limine to Exclude Evidence of Irrelevant Character Traits of Deceased Victim Christian Maire (ECF No. 182) is **GRANTED IN PART** and **DENIED IN PART**. In pertinent part: evidence of the title and date of Maire's conviction is admissible; further evidence of the details of victim Maire's conduct underlying that conviction is not admissible.

**SO ORDERED.**

Dated: June 13, 2022

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE