UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

D-1 Alex Albert Castro,
   also known as "Sniper," and
D-2 Jason Dale Kechego,
   also known as "J,"

       Defendants.
_____/

Case No. 19-20498
Hon. Paul D. Borman

## <u>GOVERNMENT'S OBJECTIONS TO DEFENDANTS'<br>PROPOSED TRIAL EXHIBITS</u>

The defendants have not shown all of their exhibits to the Government.

Therefore, some of the Government's objections are based on assumptions as to

what the exhibit is. With that caveat, the Government objections to some of the

defendants' proposed exhibits are as follows:

**Ex. 3: WASHTENAW COUNTY MEDICAL EXAMINER'S FILE**

The Government assumes that this exhibit consists of the Case Report

prepared by Investigator Jonathan Black. The Government objects to this exhibit

because it contains inadmissible hearsay. For example, the investigator summarizes

statements made to him by "staff" regarding the events surrounding Maire's death.

The narrative also contains information that was "reported" to him regarding

Maire's background, which, incidentally, is inaccurate. Statements made by a

third-party contained in the investigator's report constitute inadmissible hearsay.

*See Miller vs. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994).

**Ex. 4: DETROIT FREE PRESS ARTICLE RE MAIRE SENTENCING**
**Ex. 5: DETROIT NEWS ARTICLE RE MAIRE SENTENCING**

The Government assumes that the Detroit Free Press article the defendants

seek to introduce is the online www.freep.com article dated December 5, 2018,

titled "Online child predator sobs in court; gets 40 years in porn ring." The

Government assumes that the Detroit News article is the online

www.detroitnews.com article dated December 5, 2018, titled "Teen sex victims

confront 'monsters under the bed.'"

This Court has already ruled that evidence related to the conduct underlying

Maire's conviction has "no or limited probative value under Federal Rule of

Evidence 403" and that any probative value of this evidence is substantially

outweighed by the danger of unfair prejudice. (ECF No. 218, PageID.2150). Both

of these exhibits contain details of Maire's underlying conduct, in contravention to

the Court's order. But these exhibits go well-beyond Maire's bad acts. The articles

describe the devastating effects that Maire's conduct had on the victims, the

District Judge's characterization of Maire's conduct, and the Government's

arguments regarding sentencing. These details have no bearing on the jury's

determination of whether the defendants murdered Maire with malice aforethought

2

or with the intent to kill. These exhibits instead would mislead the jury into believing that Maire's character is at issue in this trial and would prejudice the jury into justifying the defendants' murderous acts because of Maire's horrific prior conduct.

**Ex. 6: UNITED STATES ATTORNEY'S OFFICE PRESS RELEASE (12/6/2018)**

The press release contains details of the sentences imposed on Christian Maire and his 7 co-defendants and a description of their offense conduct. It also includes a quotes from the former U.S. Attorney and Special Agent in Charge of the FBI expressing outrage about the nature of the crime, as well as a description of "Project Safe Childhood" and the "growing epidemic of child sexual exploitation and abuse." This Court has already ruled that evidence related to the conduct underlying Maire's conviction has "no or limited probative value under Federal Rule of Evidence 403" and that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice. (ECF No. 218, PageID.2150). This exhibit contains details of Maire's underlying conduct, in contravention to the Court's order. Further, the Government contests that the defendants' ability to lay the foundation necessary to introduce a press release they have never seen.

**Ex. 7: RECORDED CALL BETWEEN KECHEGO AND SOLEDA SILVA (12/16/18; 2:30 to 3:22)**

Exhibit 7 contains recordings of statements made by defendant Kechego during a phone call to Soleda Silva. During the December 16, 2018 phone call, Ms. Silva informs Kechego that an individual named "Slim" took "Casper" against her will, beat her, drugged her with heroin, and "tricked her out." The government objects to this exhibit because it is not relevant under Federal Rule of Evidence 401.

**Ex. 8: KECHEGO LETTER TO SOLEDA SILVA (1/  /19)**

Exhibit 8 consists of a letter written by defendant Kechego to Soleda Silva offering justification for killing Christian Maire by referencing embellished details of Maire's underlying conduct. The Government objects to this exhibit in light of the Court's order. (ECF No. 218, PageID.2150). The government also objects to the defendant introducing his own statements because they are hearsay.

A defendant's statements, when offered by the government, are admissible as admissions of a party-opponent. *See* Fed. R. Evid. 801(d)(2)). This exception does not extend to a defendant offering his own statements through the testimony of other witnesses or exhibits. *United States v. Ford*, 761 F.3d 641, 651-52 (6th Cir. 2014) ("[o]ut-of-court statements made by a party-opponent are an exception to the general hearsay rule…[t]his hearsay exception does not, however, extend to a party's attempt to introduce his *own* statements through the testimony of other

witnesses."); *see also United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005)

(holding that allowing a party to introduce his own statements would "effectuate an

end-run around the adversarial process by, in effect, testifying without swearing an

oath, facing cross-examination, or being subjected to first-hand scrutiny by the

jury.").

**Ex. 9: DR. ROBERT BELLOTO REPORT**
**Ex. 10: TIM GRAVETTE REPORT**

The Government has not received copies of either of these exhibits so cannot

possibly determine whether the report as a whole, or any information contained in

the report, is objectionable. The Government respectfully reserves the right to

object to the admissibility of these exhibits once we have been provided the

opportunity to inspect them.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Frances Lee Carlson*
Frances Lee Carlson
Andrew R. Picek
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9696
frances.carlson@usdoj.gov

Date:  June 13, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2022, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will send

notification of such filing to all attorneys of records.

> */s/ Frances Lee Carlson*
> Frances Lee Carlson
> Andrew R. Picek
> Assistant United States Attorneys
> United States Attorney's Office
> Eastern District of Michigan
> 211 West Fort Street, Suite 2001
> Detroit, Michigan 48226
> (313) 226-9696
> frances.carlson@usdoj.gov