UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 ALEX ALBERT CASTRO and
D-2 JASON DALE KECHEGO,

    Defendants.
_____/

Case No.  19-cr-20498
Honorable Paul D. Borman

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REVISED JOINT OBJECTION TO THE GOVERNMENT'S PROPOSED EXHIBITS 12B, 12H, 12I, 12J, 12K AND 21B (ECF No. 227)

### INTRODUCTION

On June 16, 2022, Defendants filed Revised[1] Joint Objection[s] to the Government's Proposed Exhibits 12B, 12H, 12I, 12J, 12K and 21B. (ECF No. 227.) Exhibit 21B is a photograph of victim Christian Maire's body that was taken shortly after his death and before the body was removed from prison; Exhibit 12B is a photograph of Maire's body at the start of the autopsy; and Exhibits 12H, 12I, 12J, and 12K are photographs from the autopsy.

The Government filed its Response to these Objections on June 23, 2022. (ECF No. 231, PageID 2204.) A Hearing on the Objections was held that same day.

---

[1] These Objections supplanted the Objections that Defendants filed on June 13, 2022 (ECF No. 215).

1

## ARGUMENTS

Defendants argue that the exhibits to which they object "are not relevant under F[ederal Rule of Evidence] 401" because "[t]he defense is not disputing the cause and manner of death" and "[t]he Medical Examiner can easily and effectively testify by referring to the schematic drawings during his testimony." (ECF No. 227, PageID 2183–85.) They also argue that these exhibits have the "same relevancy" as the details of Maire's crimes, which have been excluded.[2]

Next, Defendants contend that these exhibits are "more prejudicial than probative" under Federal Rule of Evidence 403 because the Government does not need them to make its case and is only introducing them "to excite the passion and prejudice" of the jury. (ECF No. 227, PageID 2184–85.)

Defendants take further issue with autopsy photos 12H, 12I, 12J, and 12K for "depicting [] Maire *during* the autopsy process" and including physical alterations that "were done by the Medical Examiner, not by the Defendants." (ECF No. 227, PageID 2185) (emphasis added). For contrast, they emphasize that they do *not* object to autopsy photos 12C, 12D, 12E, 12F, and 12G, because those photos show Maire's body as it was received at the morgue. They also assert that 12I and 12J are unnecessarily cumulative.

---

[2] Arguments unaccompanied by citations to the record were raised at the June 23rd Hearing.

Finally, Defendants claim that "[t]he admission of these photos . . . will deny the Defendants their due process right to a fair trial before an impartial jury" because "it is highly probable that the jury will be so filled with revulsion and sympathy that they will not be able to render [] a fair and impartial verdict." (ECF No. 227, PageID 2185) (citing U.S. Const. Amends. V and XIV).

In response, the Government maintains that the exhibits to which Defendants object "are all relevant and highly probative." (ECF No. 231, PageID 2207) (citing *United States v. Boyd*, 640 F.3d 657, 667–68 (6th Cir. 2011); *United States v. Brady*, 595 F.2d 359, 361–62 (6th Cir. 1979); *United States v. Taylor*, 814 F.3d 340, 367 (6th Cir. 2016); and *United States v. Amey*, 70 F.3d 1273, at *4 (6th Cir. 1995) (Table)). The Government asserts that the exhibits evince Defendants' "malice aforethought and intent"—to which Defendants have not stipulated[3]—by documenting "[t]he extent and severity of Maire's injuries." (ECF No. 231, PageID 2208–12.) It contends that is should not "be limited to just the bare minimum amount of evidence to prove something." And it opines that, "[w]ith [its] redactions to the

---

[3] The Government also points out that, while Defendants claim to have stipulated to the cause and manner of death, no such stipulation is on the record. Defendants reply that they are "withdrawing Dr. Dragovic as a witness" and "[s]o there will be no expert witness or testimony to refute the findings of the Washtenaw County medical examiner." They add that they "did not object to the postmortem report or to the death certificate" and therefore are "not disputing" those either.

3

autopsy exhibits, the[y] hardly remain gruesome, if at all, particularly, in comparison to their probative value." (ECF No. 231, PageID 2207–08.)

The Government then notes that it "proposed offering 21B in lieu of 12B, as 21B was more contemporaneous to the murder," but "the defendants still objected." (ECF No. 231, PageID 2209–10.) It explains that it is "happy to proceed with only 21B" and will withdraw 12B if 21B is admitted.

Additionally, the Government allows that some of the scars shown in 12H did not come from the attack that caused Maire's death, including a thick pink scar that formed during a "natural fusion" of the skull, and thinner markings created by the Medical Examiner during the autopsy. The Government explains that it left these scars unredacted because it was "trying to have . . . enough of the scalp visible for orientation [and] identification purposes," but it also states that it would be willing to redact them, along with the bottom-right corner of the photo (when the photo is viewed in landscape orientation).

Lastly, the Government asserts that the "contusions and abrasions" depicted in 12I and 12J, "particularly the ones at the lower/back portion of [] Maire's scalp (w[h]ere the scale is seen in 12J)[,] lie directly over the skull fracture that is indicative of the fatal blunt force trauma to his head." (ECF No. 231, PageID 2212.) The Government concedes that "12I and 12J are similar in nature," but insists that they are "not cumulative," (ECF No. 231, PageID 231) because the scale is placed

4

in different positions in each photo, thereby emphasizing and obscuring different injuries.

## RELEVANT LAW

**Rules of Evidence**

Federal Rule of Evidence 402 (General Admissibility of Relevant Evidence) provides that:

> Relevant evidence is admissible unless any of the following provides otherwise:
>
> - The United States Constitution;
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.
>
> Irrelevant evidence is not admissible.

In turn, Federal Rule of Evidence 401 (Test for Relevant Evidence) explains that:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable that it would be without the evidence;
>
> (b) the fact is of consequence in determining the action.

Additionally, Federal Rule of Evidence 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons) establishes that:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**The United States Constitution**

The Fifth Amendment states, in relevant part, that: "No person . . . shall . . . be deprived of life, liberty, or property, without due process of law . . . ." Similarly, the Fourteenth Amendment states: "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

# RULINGS

The Court will evaluate Defendants' objections under Rules 401, 402, and 403 in the following order: 21B, 12B, 12H, 12J, 12I, 12K. Then the Court will address Defendants' constitutional argument.

**The Court DENIES Defendants' objection to Exhibit 21B.**

Exhibit 21B will not be excluded under Rule 402, because it is relevant. By depicting the swelling and bleeding of Maire's body, this photo makes it more likely that Maire died in the manner alleged by the Government and that the Defendants acted with malice aforethought and intent.

Neither will this photo be excluded under Rule 403, because its probative value is not substantially outweighed by the danger that it will cause unfair prejudice or be

needlessly cumulative. Although bloody and graphic, the photo accurately shows the state of Maire's body soon after he was killed. "[E]vidence is not unfairly prejudicial simply because it is gruesome or disturbing." *Boyd*, 640 F.3d at 667–68. And the photo provides unique visual information that the video and the Medical Examiner's testimony and schema do not. *See Old Chief v. United States*, 519 U.S. 172, 187 (1997) ("Th[e] persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them."); *Amey*, 70 F.3d at *4 (denying appellant's argument that autopsy photos were "more prejudicial than probative because the same facts could have been elicited through the use of charts and diagrams, rather than through the admittedly gruesome color photographs"); *see also United States v. Benally*, 656 F. App'x 858, 859 (9th Cir. 2016) ("The [autopsy] photos were probative of how the victim died and the level of Benally's intent when the shot occurred. The expert testimony on the cause of death did not make the photos duplicative because a visual depiction may be easier to grasp than medical testimony."); *United States v. Velazquez*, 246 F.3d 204, 211 (2d Cir. 2001) (affirming admission of autopsy photos, in part because "the extent of [the victim's] injuries established that cruel and unusual punishment occurred, and underscored the moral blame attaching to [the defendant]'s decision to cover up the crime"); *United States v. Rezaq*, 134 F.3d 1121, 1138 (D.C. Cir. 1998) (affirming admission of autopsy photos, including one that was "notably graphic"); *United*

7

*States v. Soundingsides*, 820 F.2d 1232, 1243 (10th Cir. 1987) ("These [autopsy] photos and slides were a substantial aid in illustrating the testimony of the pathologist, and they had considerable probative value not only in proving the nature of Valerie's injuries and the cause of her death, but also on the issue of malice aforethought. . . . [T]heir admission was not unduly prejudicial." (internal citations and quotation marks omitted)).

Defendants' claim to have stipulated to the cause of Maire's death does not compel a different result. To begin with, the Court notes that there is a difference between stipulating to a point and not challenging the other side's evidence on that point. But even if Defendants do stipulate to the cause of Maire's death, such a stipulation presumably would not cover their intent, and thus not diminish this photo's probative value on that issue. More importantly, "the [generally] accepted rule [is] that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Old Chief*, 519 U.S. at 190.

**The Court GRANTS Defendants' objection to Exhibit 12B.**

Exhibit 12B will be excluded under Rule 403 because, in light of the admission of 21B, it creates a danger of presenting needlessly cumulative evidence that substantially outweighs its probative value. Put simply, this photo does not offer any probative value beyond that of Exhibit 21B. *See id.* at 184 ("[A] reading of the

8

companions to Rule 403, and of the commentaries that went with them to Congress, makes it clear that what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives."). And 21B is a better representation of Maire's injuries because it was taken closer to the time of his death. Further, the Government concedes that it does not need to introduce 12B as long as it may introduce 21B.

**The Court GRANTS IN PART and DENIES IN PART Defendants' objection to Exhibit 12H.**

The scars on Maire's scalp that came from the Medical Examiner and the "natural fusion" of Maire's skull will be excluded from Exhibit 12H under Rule 403, because their probative value is substantially outweighed by the danger that they will create unfair prejudice and mislead the jury. To start, these scars have minimal, if any probative value. They were not inflicted by Defendants. And while the Government states that they will help orient jurors, it is not clear how or why they do this. Moreover, the Medical Examiner can explain what part of the scalp is in the photo.

In contrast, leaving these scars unredacted creates a substantial risk that the jurors will confuse them with the scars that were allegedly inflicted by Defendants, even if the Medical Examiner testifies to the contrary. This is especially true because these non-Defendant-inflicted scars make up a large portion of the photo, significantly coloring the overall impression that it creates.

The bottom right corner of Exhibit 12H—when viewed in landscape orientation—will also be excluded under Rule 403. This area holds little, if any, probative value, and its admission risks confusing the jurors and wasting time. The Government plans to present 12H to show injuries to Maire's skull, not to show any neck or shoulder injury that is contained in this bottom-right area. And the Government readily agreed to redact this area at the Hearing.

The rest of 12H—which consists primarily of the scarring allegedly created by Defendants—will not be excluded under Rule 402 nor Rule 403. Like Exhibit 21B, the remainder of this photo is relevant and probative because it demonstrates the extent of Maire's injuries and thereby speaks to the cause of Maire's death and the Defendants' alleged intents. It is not unfairly prejudicial because of its graphic nature, particularly considering how much of the photo is or will be redacted. It is not needlessly cumulative because no other piece of evidence contains a visual depiction of this exact injury. And it is not misleading, because most of the changes to the body made by the Medical Examiner will be redacted and the Medical Examiner will explain that Maire's head was shaved during the autopsy, not by Defendants.

**The Court DENIES Defendants' objection to Exhibit 12J.**

Exhibit 12J will not be excluded under Rule 402 nor Rule 403. Again, this photo is relevant and probative to the cause of Maire's death and Defendants' intents. And further, this photo is not unfairly prejudicial just because it is graphic, is not needlessly cumulative because it shows injuries that are not shown in other admitted evidence, and is not misleading because the Medical Examiner will explain that the redactions conceal alterations that occurred during the autopsy (not during the attack) and that the skull was shaved during the autopsy.

**The Court GRANTS Defendants' objection to Exhibit 12I.**

Exhibit 12I will be excluded under Rule 403, because its probative value is outweighed by the danger it creates of presenting needlessly cumulative evidence. Because 12J and 12I are very similar, the admission of 12J leaves 12I with little probative value. 12I does show part of a bruise that is covered by the scale in 12J, but that small area looks the same as the rest of the bruise and thus offers little new information. 12I also shows the scale next to a different bruise than it was next to in 12J, which might allow the jurors to better estimate the size of that different bruise *slightly* more accurately; but it is not clear why this would have any bearing on the jurors' ultimate decision. On the other hand, most of 12I is already shown in 12J. And the Government suggests that 12J features the most important injury slightly

more prominently than does 12I. Furthermore, while photos should not be excluded just because they are gruesome, the gruesomeness of these photos at issue provides an extra incentive for the Court to exclude those that are cumulative.

**The Court DENIES Defendants' objection to Exhibit 12K.**

For the same reasons that Exhibits 21B and 12J will not be excluded under Rules 402 and 403, Exhibit 12K will not be excluded under those rules either. 12K is relevant to and probative of Maire's cause of death and Defendants' intent because it presents a unique depiction of Maire's brain injury. It is not unfairly prejudicial because it is an accurate depiction of the injury and the Government has redacted irrelevant portions of the brain to avoid needlessly shocking the jurors. It is not cumulative because it is the only depiction of this injury. And it is not misleading because the Medical Examiner will testify that the brain was removed during the autopsy and the redactions do not conceal any damage inflicted by Defendants.

**The Court DENIES Defendants' objections based on the Fifth and Fourteenth Amendments.**

The Court will reject Defendants' argument that admission of the remaining exhibits will "deny Defendants their due process right to a fair trial." (ECF No. 227, PageID 2185.) The Court has found above that these exhibits are more probative than unfairly prejudicial, needlessly cumulative, misleading, confusing, or time-

wasting. And the Sixth Circuit has held that the admission of "gruesome" but "probative" photos "fails to [raise] a constitutional claim." *Cooey v. Coyle*, 289 F.3d 882, 893–94 (6th Cir. 2002); *see also Biros v. Bagley*, 442 F.3d 379, 391 (6th Cir. 2005); *Wade v. Warden, Lebanon Corr. Inst.*, 07-cv-00346, 2010 WL 374013, at *8 (S.D. Ohio Jan. 28, 2010) ("The admission of relevant photographs of a crime scene or a victim, even if gruesome, does not deprive a criminal defendant of a fair trial.").

## CONCLUSION

For the reasons listed above, and in the exercise of its discretion, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Objections to the Government's Proposed Exhibits (ECF No. 227). Specifically, the Court hereby **EXCLUDES** Exhibits 12B and 12I, and **ORDERS** further redaction of 12H as described above. The Court **DENIES** Defendants' objections to the other exhibits (and the rest of 12H).

**IT IS SO ORDERED.**

s/Paul D. Borman  
Hon. Paul D. Borman  
United States District Judge

Entered: June 28, 2022