UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 19-cr-20498
Honorable Paul D. Borman

D-1 ALEX ALBERT CASTRO and
D-2 JASON DALE KECHEGO,

    Defendants.
_____/

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE DEFENSE TOXICOLOGY EXPERT, DR. ROBERT BELLOTO (ECF No. 240)

### PROCEDURAL HISTORY

On July 25, 2019, Defendant Jason Dale Kechego and Defendant Alex Albert Castro were indicted in this case. (ECF No. 1.) A little over a month later, on August 29, Kechego's current counsel was appointed to represent him. (ECF No. 7.)

About two and a half years after that, on March 17, 2022, the Court set a trial start date of June 21, 2022. (ECF No. 173, PageID 1817.)

The next day, March 18, at a Status Conference, Kechego and Castro stated that they still needed "to get funding for [their] investigator." (ECF No. 255, PageID 2324.) (They did not broach the subject of funding for expert witnesses.) This Court told them that if they "put something before [it], [the Court] w[ould] sign it and send it to the Sixth Circuit" to approve necessary funding. (ECF No. 255, PageID 2329.)

1

At that Conference, and in an Order entered that same day (ECF No. 175), the Court moved the "evidentiary phase" of the trial to July 6, 2022—and set jury selection for June 21.

Almost three months later, on May 31, Kechego submitted a Motion and Order for Stage 2 budget that included a request for funding expert witnesses, one of whom was Dr. Robert Belloto. (ECF No. 217.) The other listed expert witnesses were Roy Timothy Gravette, who prepared a report on prison culture and testified at trial, and medical examiner Dr. Ljubisa J. Dragovic, who Defendants decided not to call. (ECF No. 217, PageID 2145.) The Court signed the funding request and immediately sent it to the Sixth Circuit for approval by the Chief Judge.

On June 6, the Government filed a Motion to Exclude Proposed Defense Toxicology Expert Witness (Dr. Robert Belloto) for Failure to Comply with Fed. R. Crim. P. 12.2(b)[1] and Fed. R. Crim. P. 16(b)(1)(C). (ECF No. 207.)

At a Status Conference on June 13, Kechego stated that he had not produced Dr. Belloto's expert report because the Sixth Circuit had not yet approved funding for Dr. Belloto, and Dr. Belloto did not want to begin his work on this case without such approval. This Court immediately contacted the Sixth Circuit and that Court's Chief

---

[1] While the Government's brief mistakenly labelled this rule as Fed. R. Evid. 12.2(b), the Government clarified at the Hearing that it was referring to Fed. R. Crim. P. 12.2(b).

2

Judge approved the expert funding for Dr. Belloto—along with the other funding requested by Defendants—the same day. (ECF No. 217, PageID 2149.)

At a Status Conference the next day, June 14, Kechego and the Government jointly proposed a new deadline of June 29 for Kechego to "disclose Dr. Belloto's expert witness report and a written summary of his proposed testimony."[2] Mindful of the impending trial, the Court agreed to move the deadline only to June 27.

Accordingly, on June 16, the Court entered a Scheduling Order that denied the Government's original Motion to Exclude Dr. Belloto and required Defendants to "provide the Government with Expert Reports from Dr. Belloto," and their other expert witnesses, "by noon on June 27, 2022." (ECF No. 225, PageID 2178–79.) Because jury selection was scheduled to begin on June 21, 2022, the Court emphasized that "[n]o later reports w[ould] be permitted." (ECF No. 225, PageID 2179.) The Court also set a deadline of June 30 for the Government to "file any motion(s) in response" to the reports of Defendants' experts. (ECF No. 225, PageID 2179.)

On June 26, Kechego filed a Notice of Defense Based Upon Mental Condition, "pursuant to [Federal Rule of Criminal Procedure] 12.2(b)," stating that he "intend[ed] to introduce expert testimony relating to a mental condition

---

[2] Hearing quotations that are not followed by citations are based on rough—not final nor official—transcripts.

3

(intoxication) . . . bearing upon the issue of whether he had the mental state required to commit the offense charged." (ECF No. 234, PageID 2217.)

That same day, Kechego provided the government with Dr. Belloto's curriculum vitae ("cv") and an Expert Witness Notice that read, in relevant part:

> Mr. Belloto will provide testimony within the scope of Rules 702, 703 and 705 of the Federal Rules of Evidence.
>
> Mr. Belloto is an expert in the field of toxicology and chemistry who used a scientific and mathematical process referred to as retrograde extrapolation to estimate the Defendant's blood alcohol concentration at the time of the fatal stabbing of Christian Maire, by projecting backwards from the information in a chemical test conducted at a later time.

(ECF No. 240, PageID 2251) (quoting Dr. Belloto's Expert Witness Notice).[3]

On June 30, the Government filed a renewed Motion to Exclude Defense Toxicology Expert, Dr. Robert Belloto, (ECF No. 240). On July 1, Defendant Kechego filed a Response. (ECF No. 244.) And on July 5, the Court held a Hearing on this issue.

## ARGUMENTS

The Government asserts that "the 'summary' [of Dr. Belloto's testimony] provided [by Kechego] is woefully inadequate" under Federal Rule of Criminal Procedure 16(b)(1)(C), because it does not explain "what *opinion* [Dr. Belloto] will

---

[3] Neither party has produced this Notice, but Kechego has not challenged the Government's assertions—both in its brief and at oral argument—that this quote accurately captures its relevant contents.

4

offer" and therefore it is "effectively useless to the [G]overnment and the Court." (ECF No. 240, PageID 2253–54) (emphasis original). The Government argues that it cannot "adequately challenge Dr. Bellotto['s] . . . qualifications," and its potential rebuttal experts would not be able to "even begin their work," without a sufficient report "or an adequate summary of the defense expert testimony." (ECF No. 240, PageID 2254.)

Kechego responds that he "complied with Fed. R. Crim. P. 12.2(b), by filing the Notice of Expert Witness in a timely manner, (June 26, 2022), [and] providing the government with a summary of Dr. Belloto's testimony that will rely on retrograde extrapolation to estimate what [] Kechego's blood alcohol concentration was at the time of Christian Maire's death, by projecting backwards from the information in a chemical test conducted by C.O. Zachery Toney and S.A. Sean Nichol six hours later." (ECF No. 244, PageID 2277–78.) Kechego also emphasizes that "Dr. Belloto will not be offering any additional expert testimony bearing on [his] mental condition, including intoxication." (ECF No. 244, PageID 2278) (underline removed).

As to the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C)—"a written summary of any [expert opinion] testimony that defendant intends to use . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications"—Kechego offers only that he "will provide the

5

government with a copy of a prepared report explaining the scientific and mathematical process used in the retrograde extrapolation once it becomes available." (ECF No. 244, PageID 2278.) However, Kechego still did not have any such report at the July 5 Hearing, and he stated then that he was "not confident" that he would *ever* get an expert report from Dr. Belloto. (ECF No. 269, PageID 3347, 3352.) Kechego maintains that he "didn't have time to really screen or vet an expert" and that he has "done as much as" he can do. (ECF No. 269, PageID 3350–51.)

Finally, Kechego argues that the Government "should have ran th[e extrapolation] test" that is the subject of Dr. Belloto's proposed testimony, and he "invite[s]" the Government to do so, opining that it "could get th[e test] done in a day." (ECF No. 269, PageID 3351–52.)

To this last point, the Government replies that it did not do its own extrapolation test because "[t]his isn't a case where [it] is trying to prove the defendant had a specific blood alcohol content." (ECF No. 269, PageID 3353.) The Government also suggests that the extrapolation test is "really not that simple" because it depends on a variety of factors, such as, for example, what Kechego had eaten before his blood alcohol level was taken. (ECF No. 269, PageID 3353.)

The Court notes that the United States Court of Appeals for the Sixth Circuit stated in *United States v. Newman*, 889 F.2d 88, 93 (6th Cir. 1989): "[T]he Insanity

6

Defense Reform Act of 1984 . . . shifted to defendants the burden of proving insanity or other mental defect."

## RULING[4]

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial if—
>
> (i)  the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.][5]

Here, neither party disputes that at least one of (i) or (ii) is satisfied.

Dr. Belloto's Expert Witness Notice and cv do not constitute a "written summary" of his testimony, because they do not "describe" his "opinions." *Cf. United States v. Anderson-Bagshaw*, 509 F. App'x 396, 409–11 (6th Cir. 2012)

---

[4] The Court made an oral ruling on this matter on the morning of July 6, 2022. Later that day, the jury was sworn in and opening statements commenced. Although this Opinion is being entered on the docket at a later date, it is written from the perspective of the Court at the time of its ruling.

[5] Additionally, Federal Rule of Criminal Procedure 12.2(b) requires "a defendant [] to introduce expert evidence relating to a mental . . . condition . . . within the time provided for filing a pretrial motion," unless the Court "sets" "any later time." The Court set a deadline for "motions in limine" of June 6, 2022. (ECF No. 202.)

(holding that a summary of an expert doctor's testimony inadequately described the doctor's opinions and the bases for them). The Notice states that Dr. Belloto used "retrograde extrapolation to estimate [Kechego]'s blood alcohol concentration," but it does not tell the Government what estimate Dr. Belloto reached. And the cv does not refer to Dr. Belloto's proposed testimony in this case at all.

Therefore, Kechego has failed to comply with Rule 16(b)(1)(C)'s disclosure requirements.

Federal Rule of Criminal Procedure 16(d)(2)(C) provides that the Court may remedy this failure by, among other things, "prohibit[ing Kechego] from introducing" Dr. Belloto's testimony. In considering this exclusion remedy, the Court must weigh: "1) the reasons for [Kechego]'s delay in producing the materials, including whether [he] acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the [Government]; and (3) whether the prejudice to the [Government] can be cured with a less severe course of action, such as granting a continuance or a recess." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995). These factors favor exclusion here.

First, Kechego's failure to timely, much less ever, produce a report from Dr. Belloto lacks adequate justification. Kechego was indicted and appointed counsel almost three years ago. (ECF Nos. 1, 7.) The Court set trial for late June, 2022—and

8

then moved back the evidentiary phase to early July, at the parties' request—in mid-March, about three and a half months ago. (ECF No. 173, PageID 1817.)

Kechego did not submit a request for Dr. Belloto's funding until May 31. The Government filed a Motion to Exclude Dr. Belloto because Kechego had not complied with Federal Rules of Criminal Procedure 12.2(b) and 16(b)(1)(C). The Court gave Kechego until noon on June 27 to produce a summary report from Dr. Belloto, emphasizing that "[n]o later reports w[ould] be permitted." (ECF No. 225, PageID 2179.)

Kechego failed to produce the report by June 27, and could not provide it at the July 5 Hearing. Counsel for Kechego stated that he was "not confident" that he would ever get a report from Dr. Belloto. This lack of production of an expert report on the eve of the trial's testimonial phase was a violation of Rule 16.

Second, allowing Dr. Belloto to testify without having provided a report would significantly prejudice the Government. Dr. Belloto's Expert Witness Notice and cv do not provide the essential information required by the Government to cross-examine him and/or secure a rebuttal witness.

And third, this prejudice to the Government cannot be cured with a less severe sanction, such as an adjournment of the trial. Adjourning this trial at the last minute is not appropriate: the jury has already been selected and informed of its service dates; imprisoned witnesses with separation issues have been temporarily relocated

9

for their scheduled testimonies; experts have reserved time out of their schedules to testify; and the District Court has allotted to this specific trial its limited capacity to conduct jury trials in this age of COVID-19. Further, it is not even clear how long of an adjournment would be needed.

For these reasons, exclusion of Dr. Belloto as an expert witness is required. *Cf. United States v. Pittman*, 816 F.3d 419, 425 (6th Cir. 2016) ("The court reasonably concluded that the best way to handle Pittman's Rule 16 violation was to exclude the proposed testimony."); *United States v. Wolford*, 656 F. App'x 59, 63 (6th Cir. 2016) ("The district court properly precluded Brent from presenting expert testimony because he failed to provide the Government with reciprocal discovery under Rule 16."); *United States v. Campbell*, 81 F. App'x 532, 535 (6th Cir. 2003) (holding that the "district court acted within its discretion to remedy Campbell's Rule 16(b)(1)(C) failure-to-disclose violation by excluding [the undisclosed expert]'s testimony under Fed.R.Crim.P. 16(d)(2)(C)").

## CONCLUSION

The Government's Motion to Exclude Defense Toxicology Expert, Dr. Robert Belloto (ECF No. 240) is **GRANTED**.

**IT IS SO ORDERED.**

s/Paul D. Borman<br>
Hon. Paul D. Borman<br>
United States District Judge

Entered: July 25, 2022