UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEX ALBERT CASTRO,

    Defendant.
                                 /

Case No. 19-cr-20498

Paul D. Borman
United States District Judge

**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JASON KECHEGO'S PORTABLE BREATHALYZER TEST RESULTS (ECF No. 306)**

**Arguments**

The Government asks "that the Court issue a pretrial order precluding the defense from introducing and eliciting evidence regarding Jason Kechego's portable breathalyzer test result since it has no bearing on [Defendant Alex Albert] Castro's level of intoxication and his ability to form the required intent" and is therefore not relevant under Federal Rule of Evidence 401 and inadmissible under Federal Rule of Evidence 402. (ECF No. 306, PageID 3655.)

The Government concedes that "[e]vidence that Castro was intoxicated to such a degree that he was unable to form the intent to commit the charged crimes [of first degree premeditated murder, conspiracy to commit first degree premeditated murder, and assault with intent to commit murder] could be relevant." (ECF No. 306,

1

PageID 3656.) But, in the Government's view, "the results of *Kechego's* blood alcohol test has no bearing on either Castro's level of intoxication or whether Castro's consumption of "hooch" had any effect on his ability to form the intent to commit the charged crimes." (ECF No. 306, PageID 3656) (emphasis Government's).

Castro responds that "[i]ntoxication is both relevant to and central to his defense." (ECF No. 319, PageID 3733.) He states that "[f]acts were adduced that Castro, Kechego and others were drinking hooch together for hours before the incident" at issue. (ECF No. 319, PageID 3734.) And "Kechego's PBT test results[,]" Castro argues, "make[] it 'more probable, even if by a small margin' that Castro was similarly intoxicated." (ECF No. 319, PageID 3736) (quoting *United States v. Leonard-Allen*, 739 F.3d 948, 956 (7th Cir. 2013)).

## Law

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible."

"The standard for relevance is extremely liberal":

> Evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant. Even if a district court believes the evidence is insufficient to prove the ultimate

2

> point for which it is offered, it may not exclude the evidence if it has the slightest probative worth.

*United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (emphasis original) (internal citations and quotation marks omitted).

## Analysis and Conclusion

Kechego's breathalyzer test result has some probative worth. At the very least, the result sheds light on the strength of the hooch that Castro and Kechego shared. The result could also provide some indication of how much Castro drank, given that he and Kechego were drinking together. Both the strength of the hooch and the amount of it that Castro drank affect the probability that Castro was highly intoxicated when he allegedly committed the crimes charged in this case.

Therefore, the Court rules that Kechego's test result—which was introduced in Castro's first trial in this case, albeit with Kechego as a co-defendant—is admissible in this case. The Government's Motion is **DENIED**.

**IT IS SO ORDERED.**

Date: February 1, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge

3